**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WYNN LAS VEGAS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KONSTANTINOS ZOGGOLIS,<br><br>　　　　　Defendant. | Case No. 2:14–cv–157–MMD–VCF<br><br>**<u>ORDER</u>** |

This matter involves Wynn Las Vegas' breach of contract claim against Konstantinos Zoggolis. (Comp. #1-1) at 2–3[1]). Before the court is Wynn's emergency motion to compel (#16). Zoggolis severed a timely response (#20); and Wynn filed a reply (#19). For the reasons stated below, Wynn's motion is granted in part and denied in part.

**BACKGROUND**

Konstantinos Zoggolis is a German citizen who resides in Frankfurt. He likes to gamble at the Wynn in Las Vegas. Between December 5, 2008, and November 2, 2010, Zoggolis allegedly indebted himself to the casino in the amount of $1,300,000.00. (*See* Compl. (#1-1) at ¶ 18).

Zoggolis was able to obtain $1,300,000.00 in credit from Wynn by using bank account information from Bayerusche Hypo und Vereinsbank AG/Unicredit Bank AG. (Pl.'s Mot. to Compl. (#16) at 2:10). Wynn later learned that Zoggolis's bank account with Bayerusche Hypo may have never existed. (*Id*. at 2:12). Because Zoggolis' debt remains unsatisfied, Wynn filed suit on November 26,

---

[1] Parenthetical citations refer to the court's docket.

2013.

The parties are in the midst of discovery. On April 22, 2014, Wynn propounded document requests. (*Id*. at 2:16). But, Zoggolis responded with boilerplate objections. (*Id*. at 2:19). Wynn met and conferred with Zoggolis's attorney; but no resolution was reached. Six document requests are at issue. They are as follows. Request number four states: "Identify and produce all documents related to Wynn." Zoggolis responded: "This request is objected to on the basis that it is vague, ambiguous and unintelligible."

Request number eleven states: "Identify and produce all your bank records, statements and other documents from January 2007 to November of 2012 for your Bayerusche Hypo und Vereinsbank AG/Unicredit Bank AG account(s)." Zoggolis responded: "Defendant objects to this request for production on the grounds that it seeks information that is not relevant to the subject matter of this action."

Request number thirteen states: "Identify and produce any and all documents and records (including but not limited to canceled checks, deposit slips, deposited items, withdrawals, transfers, account statements, transaction history, signature cards, account opening documents, corporate documents, and correspondence), concerning any and all open and/or closed bank accounts of yours for the period January 2007 to November 2012." Zoggolis responded: "Defendant objects to this request for production on the grounds that it seeks information that is not relevant to the subject matter of this action."

Request number fourteen states: "Identify and produce any and all documents and records (including but not limited to canceled checks, deposit slips, deposited items, withdrawals, transfers, account statements, transaction history, signature cards, account opening documents, corporate documents, and correspondence), concerning Account 212177 (BLZ 50320191) for the period January

2

2007 through November 2012." Zoggolis responded: "This request for production completely fails to identify the documents sought to be produced."

Request number fifteen states: "Identify and produce any and all documents and records (including but not limited to canceled checks, deposit slips, deposited items, withdrawals, transfers, account statements, transaction history, signature cards, account opening documents, corporate documents, and correspondence), concerning Account 503593 (BLZ 50320191) for the period January 2007 through November 2012." Zoggolis responded: "This request for production completely fails to identify the documents sought to be produced."

Request number seventeen states: "Identify and produce any and all bank records for bank accounts utilized to obtain any lines of credit at any other gaming company and/or casino." Zoggolis responded: "Defendant objects to this request for production on the grounds that it seeks information that is not relevant to the subject matter of this action."

On June 5, 2014, Wynn filed the instant emergency motion to compel. The motion was filed on an emergency basis because Zoggolis's deposition is scheduled to take place in Germany on July 2, 2014. (Pl.'s Mot. to Compl. (#16) at 7:8).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs discovery's scope and limits. In pertinent part, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Rule 26 defines relevant information as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Rule 26 is liberally construed. *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).

Where—as here—a party resists discovery, the requesting party may file a motion to compel discovery. Rule 37 governs motions to compel. In pertinent part, it provides that a "party seeking

discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory submitted under Rule 33" or "fails to respond" to a request under Rule 34. However, before moving to compel, Rule 37 requires the movant to include a certification that the movant has "in good faith conferred or attempted to confer" with the party resisting discovery before seeking judicial intervention. FED. R. CIV. P. 37(a)(1); *see also ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996) (discussing the meet and confer requirement).

Parties resisting discovery carry the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). The objecting party must show that the discovery request is overly broad, unduly burdensome irrelevant. *Teller v. Dogge*, No. 2:12-cv-00591-JCM, 2013 WL 1501445 (D. Nev. Apr. 10, 2013) (Magistrate Judge Foley) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253–4 (S.D. Ind. 2000).

To meet this burden, the objecting party must specifically detail the reasons why each request is improper. *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). Boilerplate, generalized objections are inadequate and tantamount to making no objection at all. *Id.* (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3d Cir. 1986) (objecting party must show a particularized harm is likely to occur if the requesting party obtains the information that is the subject of the particular objections; generalized objections are insufficient)). Therefore, the party opposing discovery must allege (1) specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence, or (2) sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request. *Jackson v. Montgomery Ward & Co*., *Inc*., 173 F.R.D. 524 (D. Nev. 1997) (citations omitted); *Cory v. Aztec Steel Bldg*., Inc., 225 F .R.D. 667, 672 (D. Kan. 2005).

The court has broad discretion in controlling discovery, *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and in determining whether discovery is burdensome or oppressive. *Diamond State Ins. Co. v. Rebel Oil. Inc*., 157 F.R.D. 691, 696 (D. Nev.1994). The court may fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense. *United States v. Columbia Board. Sys., Inc*., 666 F.2d 364, 369 (9th Cir.1982) *cert. denied*, 457 U.S. 1118 (1982).

## DISCUSSION

Wynn's motion is granted in part and denied in part. Zoggolis predicates his opposition on the allegation that he "never provided Wynn with any bank account information at any time." (Def.'s Opp'n (#20) at 2:5–6, 13–14). In support, Zoggolis cites Exhibit 1 to Wynn's motion to compel, which is a credit application. Zoggolis states, "the undated and unsigned casino credit application was not completed by [me]." (*Id*. at 2:6–8). The argument that credit was fraudulently obtained without Zoggolis' consent concerns the merits of the action, which is not before the court. Zoggolis proffers no argument or legal authority connecting the identity-theft argument with his noncompliance with Wynn's discovery requests. Accordingly, the court now discusses each of the disputed discovery requests in turn.

### I. <u>Fourth Request for Production</u>

Zoggolis argues that Wynn's motion should be denied with regard to the fourth request for production because it is vague, ambiguous, and unintelligible. This request asks Zoggolis to "[i]dentify and produce all documents related to Wynn." This is not vague, ambiguous, or unintelligible; but it is overbroad. Rule 26(b) permits liberal discovery, which includes any information related to the subject matter of the action.

Here, Wynn's request for all documents related to the casino is overbroad because the subject matter of the action only concerns Zoggolis's alleged gambling activities at Wynn. Accordingly, the

5

parties must meet and confer by June 30, 2014, to determine the appropriate scope of this request for production.

## II. Eleventh Request for Production

Wynn's eleventh document request asks Zoggolis to "[i]dentify and produce all your bank records, statements and other documents from January 2007 to November of 2012 for your Bayerusche Hypo und Vereinsbank AG/Unicredit Bank AG account(s). Zoggolis argues that this request seeks irrelevant information because these accounts were closed years before he became a Wynn patron.

The court disagrees. The accounts are relevant because they are named on the face of Zoggolis's credit application with Wynn. Even if these accounts were closed years before Zoggolis became a Wynn patron, information related to the accounts is relevant to Wynn's claims and may be relevant to Zoggolis's purported identity-fraud defense. Accordingly, Wynn's motion to compel is granted with regard to the eleventh document request.

## III. Thirteenth Request for Production

Wynn's thirteenth document request asks Zoggolis to "[i]dentify and produce any and all documents and records (including but not limited to canceled checks, deposit slips, deposited items, withdrawals, transfers, account statements, transaction history, signature cards, account opening documents, corporate documents, and correspondence), concerning any and all open and/or closed bank accounts of yours for the period January 2007 to November 2012.

Zoggolis argues that this request seeks irrelevant information because it "does not tend to prove or disprove any matter at issue in this case." (Def.'s Opp'n (#20) at 3:5–6). The court disagrees for two reasons. First, the standard cited by Zoggolis—(*viz.* whether information tends to prove or disprove any matter)—is a variation of the test for relevant evidence under Federal Rule of Evidence 401. This is a discovery dispute, not an evidentiary dispute. Accordingly, Zoggolis relies on the wrong standard.

Second, when viewed under the correct standard, Wynn's discovery request is appropriate. Under Rule 26, a discovery request need only "appear[] reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Wynn's thirteenth request for production satisfies this standard. The request concerns bank documents and records. This is relevant under Rule 26 because the subject matter of the action concerns a line of credit taken out at Wynn in Zoggolis's name.

### IV. Fourteenth & Fifteenth Requests for Production

Wynn's fourteenth and fifteenth requests for production state:

> Identify and produce any and all documents and records (including but not limited to canceled checks, deposit slips, deposited items, withdrawals, transfers, account statements, transaction history, signature cards, account opening documents, corporate documents, and correspondence), concerning Account 212177 (BLZ 50320191) for the period January 2007 through November 2012.

> Identify and produce any and all documents and records (including but not limited to canceled checks, deposit slips, deposited items, withdrawals, transfers, account statements, transaction history, signature cards, account opening documents, corporate documents, and correspondence), concerning Account 503593 (BLZ 50320191) for the period January 2007 through November 2012.

Zoggolis responded both, stating: "This request for production completely fails to identify the documents sought to be produced."

The court disagrees. These requests seek documents related to two accounts: Account 212177 and Account 503593. Additionally, the request seeks the following types of documents: (1) canceled checks, (2) deposit slips, (3) deposited items, (4) withdrawals, (5) transfers, (6) account statements, (7) transaction history, (8) signature cards, (9) account opening documents, (10) corporate documents, and (11) correspondence. Additionally, the requests seek documents for a specified period of time: between January 2007 through November 2012. Accordingly, Wynn's motion to compel is granted with regard to Wynn's fourteenth and fifteenth requests for production.

**V.      Seventeenth Request for Production**

Wynn's seventeenth document request asks Zoggolis to "[i]dentify and produce any and all bank records for bank accounts utilized to obtain any lines of credit at any other gaming company and/or casino. Zoggolis responded: "Defendant objects to this request for production on the grounds that it seeks information that is not relevant to the subject matter of this action." Wynn argues that this request is "vital" to establish "Zoggolis ability to repay the casino." (Pl.'s Mot. to Compel (#16) at 7:1–2).

The court disagrees. Zoggolis ability to repay the casino is not relevant to the question of whether Zoggolis breached a contract with Wynn. Additionally, this request appears to be unrelated to the subject matter of the action, which concerns Zoggolis's alleged gambling activities at Wynn.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Wynn's motion to compel (#16) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Wynn's motion to compel is GRANTED with regard to the FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS. The parties must MEET AND CONFER by June 30, 2014, to determine the appropriate scope of this request for production.

IT IS FURTHER ORDERED that Wynn's motion to compel is GRANTED with regard to the ELEVENTH, THIRTEENTH, FOURTEENTH, and FIFTEENTH REQUESTS FOR PRODUCTION OF DOCUMENTS.

IT IS FURTHER ORDERED that Wynn's motion to compel is DENIED with regard to the SEVENTEENTH REQUEST FOR PRODUCTION OF DOCUMENTS.

/// /// ///

/// /// ///

/// /// ///

8

IT IS SO ORDERED.

DATED this 17th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE